| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>SARA L. TOLBERT, SBN 300945<br>WILSON SONSINI GOODRICH &<br>ROSATI, Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>stolbert@wsgr.com | D. BRADLEY KIZZIA (admitted *pro hac vice*)<br>KIZZIA & JOHNSON PLLC<br>1910 Pacific Ave, Suite 13000<br>Dallas, TX 75201<br>Telephone: (469) 893-9940<br>Facsimile: (214) 451-0165<br>Email: bkizzia@kjpllc.com |
| CHARLES T. GRAVES, SBN 197923<br>WILSON SONSINI GOODRICH &<br>ROSATI, Professional Corporation<br>1 Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA 94105-1126<br>Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099<br>Email: tgraves@wsgr.com | DAWN M. SMITH, SBN 222481<br>SMITHCLINESMITH LLP<br>325 N. Saint Paul Street, 29th Floor<br>Dallas, TX 75201<br>Telephone: (214) 953-1900<br>Facsimile: (214) 953-1901<br>Email: dawn@smithclinesmith.com |
| Attorneys for Defendant<br>GOOGLE LLC | Attorneys for Plaintiff<br>SNAPKEYS, LTD |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAPKEYS, LTD.,<br><br>           Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>           Defendant. | CASE NO.: 5:19-cv-2658-LHK<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>JUDGE: Honorable Lucy H. Koh<br><br>COMPLAINT FILED: May 16, 2019 |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. PROPORTIONALITY

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1)[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

## 4. COST-SHIFTING

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

## 5. LIAISON

a)   The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

b) Google appoints Sara L. Tolbert from Wilson Sonsini Goodrich & Rosati as its e-discovery liaison.

c) Snapkeys appoints Allison Van Stean from Kizzia Johnson PLLC as its e-discovery liaison.

**6.   PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between May 1, 2015 and August 30, 2019 will be preserved. In addition, the parties will preserve ESI relating to the research and development history of their respective smartphone and smartwatch keyboard technologies, and ESI regarding any prospective business relationship between Google and Snapkeys which occurred prior to May 1, 2015;

b) The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

1. backup systems and/or tapes used for disaster recovery; and
2. systems, server and network logs; and
3. systems no longer in use that cannot be accessed.

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following:

1. information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

2. automatically saved versions of documents and emails which are duplicative of documents and emails that reside in a reasonably accessible data source, are previous drafts of finalized versions of documents and emails, or are unsent draft emails;
3. deleted, slack, fragmented, or other data accessible only by forensics;
4. voice messages, except for the relevant voice messages received by Clem Wright, Karolis Balciunas, Micah Lemonic, and or Benjamin Ghassabian from 2015-2016;
5. video and audio recordings, except for the relevant video recordings regarding Google's smartwatch keyboard application and Snapkeys' Smartwatch Keyboard in 2015-2016, including recorded audio of any video recordings;
6. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;
7. on-line access data such as temporary internet files, history, cache, cookies, and the like;
8. dynamic fields of databases or log files that are not retained in the usual course of business; and
9. data in metadata fields that are frequently updated automatically, such as last opened dates.

f) The parties agree to search for relevant instant messaging and chat application data, and they will collect and preserve same if any exists.

**7.   SEARCH**

a) The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties shall also agree on the timing and conditions of any additional searches that may become necessary in the normal course of discovery.

b) A party is required to produce only a single copy of a responsive document, and a party shall de-duplicate responsive ESI across Custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

**8.   PRODUCTION FORMATS**

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☒paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different

format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. The parties agree to produce Excel or spreadsheet files in their native form.

Common system and program files as defined by the NIST library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed, or produced. The parties shall meet and confer on any additional file types that also need not be processed, reviewed, or produced. Productions can be transferred by any appropriate and secure method agreed to by the parties.

### 9. PHASING

The parties agree that production of ESI will not be phased.

### 10. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "clawback" process pursuant to Fed. R. Civ. P. 26(b)(5) whereby the producing party may clawback any document that is produced, inadvertently or otherwise, and that is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege. The producing party will give notice of its intent to clawback documents by identifying the documents by Bates number as soon as reasonably practical. Upon receipt of such notice, the receiving party will return all documents identified by the producing party and simultaneously delete all copies thereof.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

d) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

e) Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**11. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 19, 2019            */s/ D. Bradley Kizzia*
                                    D. Bradley Kizzia
                                    Counsel for Plaintiff, Snapkeys, Ltd.

Dated: December 19, 2019            */s/ Dawn M. Smith*
                                    Dawn M. Smith
                                    Counsel for Plaintiff, Snapkeys, Ltd.

Dated: December 19, 2019            */s/ Charles Tait Graves*
                                    Charles Tait Graves
                                    Counsel for Defendant, Google, LLC

### SIGNATURE ATTESTATION

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this e-filed document.

By: */s/ Charles T. Graves*
    CHARLES T. GRAVES
    tgraves@wsgr.com

Pursuant to Stipulation, **IT IS SO ORDERED**.

Dated: _____   _____
United States District / Magistrate Judge