D. BRADLEY KIZZIA (admitted *pro hac vice*)
KIZZIA & JOHNSON PLLC
1910 Pacific Ave, Suite 13000
Dallas, TX  75201
Telephone:      (469) 893-9940
Facsimile:      (214) 451-0165
Email:          bkizzia@kjpllc.com

DAWN M. SMITH, SBN 222481
SMITH CLINESMITH LLP
325 N. Saint Paul Street, 29th Floor
Dallas, TX  75201
Telephone:      (214) 953-1900
Facsimile:      (214) 953-1901
Email:          dawn@smithclinesmith.com

Attorneys for Plaintiff
SNAPKEYS, LTD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **SNAPKEYS, LTD.** <br><br> **Plaintiff,** <br><br> VS. <br><br> **GOOGLE, LLC.** <br><br> **Defendant.** | Case No.  5:19-cv-02658-VKD <br><br> **PLAINTIFF SNAPKEYS' RESPONSE TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** <br><br> Judge: Honorable Lucy H. Koh |

# Table of Contents

I. Table of authorities ................................................................................................................ iii

II. Introduction ............................................................................................................................. 1

III. Legal standard ........................................................................................................................ 2

   A. The Legal Standard in Ruling on a Rule 12(b)(6) Motion to Dismiss is in Favor of the Non-Moving Party ........................................................................................................................... 2

IV. Argument ................................................................................................................................ 3

   A. Snapkeys has properly pled an Unfair Competition Claim under Section 17200 ................ 3

      1. *Snapkeys has Identified and Pled Both Actual and Threatened Impact on Competition…* ........................................................................................................................ 3

      2. *The Colgate Doctrine does not proscribe Plaintiff's Unfair Competition Claim.* ......... 6

      3. *Snapkeys has Properly Requested Restitution in Accordance with Section 17200* ...... 6

   B. Plaintiff's Fraudulent Conduct Claim is Properly Pled. .................................................... 8

      1. *Snapkeys Properly Pled a Fraudulent Conduct Claim Under Section 17200.* ............. 8

      2. *Snapkeys has Standing to Assert its Fraud Claim and has Pled a Proper Remedy.* .... 10

   C. If the Court determines Plaintiff's Third Amended Complaint is deficient, Plaintiff should be afforded time to cure any alleged deficiencies. ............................................................... 11

# I. TABLE OF AUTHORITIES

Cases

. Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163 (2000)..........................7

Ashcroft v. Iqbal, 556 U.S. 662 (2009).................................................................2

Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007) ................................................2, 3

Bly-Magee v. California, 236 F.3d 1014 (9th Cir. 2001)..........................................9

Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014) ......................................................1

Capella Phototonics, Inc. v. Cisco Sys., Inc., 77 F.Supp.3d 850 (N.D. Cal. 2014).......8

Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163 (1999)..............3, 4

Central Valley Medical Group, Inc. v. Independent Physician Associates Medical Group, Inc. (E.D. Cal., July 25, 2019, No. 119CV00404LJOSKO) 2019 WL 3337891................3

Cousins v. Lockyer, 568 F.3d 1063 (9th Cir. 2009) ................................................2

Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152 (9th Cir. 2012) ..........................9

Feitelberg v. Credit Suisse First Boston, LLC, 134 Cal.App.4th 997 (2005) ...............6

Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 627 F. Supp. 2d 1187 (E.D. Cal. 2009).......2, 3

Homedics, Inc. v. Valley Forge Ins. Co., 315 F.3d 1135 (9th Cir. 2003)....................3

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1147 (2003) ..........6, 7

Kwikset Corp. v. Superior Court, 51 Cal.4th 310 (2011) .......................................10

Levitt v. Yelp! Inc. (9th Cir. 2014) 765 F.3d 1123..................................................3

Low v. LinkedIn Corp., 900 F. Supp. 2d 1010 (N.D. Cal. 2012)...............................3

Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025 (9th Cir.2008).............2

McDonald v. Kiloo ApS, 385 F.Supp.3d 1022 (N.D. Cal. 2019)..................................................9

McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457 (2006) ...........................................8

Nat'l Rural Telecomm. Co-op v. DIRECTV, Inc., 319 F.Supp.2d 1059 (2003)...........................6

Pac. Bell Tel. Co. v. Linkline Comms., Inc., 555 U.S. 438, 456 (2009) .......................................1

Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517 (9th Cir. 1994)..........................................2

Prescott v. Rady Children's Hospital-San Diego 265 F.Supp.3d 1090 (S.D. Cal. 2017)...............8

Schnall v. Hertz Corp., 78 Cal.App.4th 1144 (1st Dist. Ct. App. Div. 2 2000) ..........................11

Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir. 1986) ....................11

Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001 (9th Cir. 2008).................................................3

SkinMedica, Inc. v. Histogen Inc. (S.D. Cal. 2012) 869 F.Supp.2d 1176 ...............................6, 7

Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097 (9th Cir. 2004).......................................2

Solis v. City of Fresno, 2012 WL 868681 (E.D. Cal. March 13, 2012) .....................................11

Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) ...................................................................2

United States v. Colgate & Co., 250 U.S. 300 (1919) .................................................................6

Weber v. Dep't of Veterans Affairs, 521 F.3d 1061 (9th Cir. 2008) ............................................2

## II.     INTRODUCTION

Plaintiff Snapkeys, Ltd. ("Snapkeys" or "Plaintiff") herein responds to Defendant Google LLC's ("Google" or "Defendant") *Motion to Dismiss Third Amended Complaint* ("Mot."). Doc. 59. Snapkeys' *Third Amended Complaint* ("TAC") was filed on April 3, 2020, in accordance with this Court's order on Google's prior *Motion to Dismiss*. [Doc. 55; Doc. 54]. For the sake of brevity, Plaintiff will not again set forth the lengthy factual allegations, as done in Plaintiff's prior pleadings, but herein incorporates those facts. Also, it is noteworthy that this Court previously denied Google's attempt to obtain dismissal of two of Snapkeys' causes of action (breach of NDA and conversion), and Google does not challenge those claims in its latest motion. Rather, Google now only requests dismissal of Snapkeys' UCL claim.

Google's Motion makes reference to Snapkeys' prior complaints, which have been supplanted and are, thus, non-operative. Mot. at 1; *see Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 (2009); *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014). As best Plaintiff Snapkeys can tell, this is simply a continuing endeavor by Google to reframe Snapkeys' actual pleadings into a trade-secret claim that is not asserted. Mot. at 3. At worst, it is an effort to provoke unfair prejudice.  Plaintiff's factual allegations have remained consistent throughout its pursuit of this case, and Plaintiff Snapkeys' strategic litigation decisions to add or drop claims based upon additional research or factual discovery is not, and cannot, be used as evidence of anything – as Defendant attempts. Because the operative pleading is Plaintiff's *Third Amended Complaint*, that is the pleading on which Snapkeys' response is based.

Further, Defendant Google erroneously claims that Google "has no clue" as to the confidential information about which Snapkeys complains. *Id*. at 3 n. 1. As Plaintiff Snapkeys has repeatedly informed Google, and as this Court noted in its order, the confidential information Snapkeys complains of is prototypes which were fully integrated with iType technology and the specific considerations and interface implementation used in said technology – necessarily, the coding and software that are implemented within the iType technology to make the technology

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS                                           PAGE | 1

actually work. TAC at 12 – 13; Doc. 54 at 6. Defendant Google has seemingly misinterpreted this Court's order on Defendant's first *Motion to Dismiss* – wherein this Court affirmed that a breach of NDA claim is not analogous to a trade secrets claim, that Snapkeys' breach of NDA claim is not held to the same pleading standard as a trade secrets claim, and that Snapkeys has already appropriately identified the confidential information at issue. Yet, Defendant Google continues to barrage Plaintiff Snapkeys with discovery and demands that Snapkeys "identify" the confidential information in dispute, supposedly in accordance with Rule 16, Cal. Civ. Code § 2019.210. As this Court has noted and as Snapkeys has repeatedly informed Defendant Google, Plaintiff Snapkeys does not assert a Trade Secret claim, § 2019.210 is inapplicable in this case, and the confidential information has been identified.

### III.   LEGAL STANDARD

**A. The Legal Standard in Ruling on a Rule 12(b)(6) Motion to Dismiss is in Favor of the Non-Moving Party.**

In reviewing a motion to dismiss, a court must construe all allegations of material fact as true and in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 – 556 (2007); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002); *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008). A court is also required to "assume that general allegations embrace the necessary, specific facts to support the claim." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1194 (E.D. Cal. 2009) (citing *Smith v. Pacific Prop. and Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004); and *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994)).

The law requires a complaint to plead only enough facts to state a claim plausible on its face; it is not required to contain "detailed factual allegations." *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). Complaints decidedly "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim for relief is facially plausible when it "allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court should not dismiss a complaint for failure to state a claim unless it "appears beyond doubt" that there are no set of facts to support the complaint. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008) (citing *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003)). If differing explanations for a set of facts are propounded by opposing parties, a plaintiff's claim should not be dismissed. *Starr*, 652 F. 3d at 1216 – 1217. The standard is "not that plaintiff's explanation be true or even probable," but that the plaintiff has stated allegations that conceivably suggest a right to relief. *Id.* at 1216 – 1217. *Twombly* does not promulgate a "probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. at 556.

Additionally, even if a court grants a 12(b)(6) motion to dismiss, that court should allow the plaintiff to amend the complaint unless doing so "could not possibly cure" the complaint. *See Garcia*, 627 F. Supp. 2d at 1195; *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1019 (N.D. Cal. 2012).

## IV.   ARGUMENT

**A. Snapkeys has properly pled an Unfair Competition Claim under Section 17200.**

To state a claim under the UCL's "unfair" prong, the alleged unfairness must "be tethered to . . . proof of some actual or threatened impact on competition." *Levitt v. Yelp! Inc.* (9th Cir. 2014) 765 F.3d 1123, 1136 (citing *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 186 – 87 (1999)).

***1. Snapkeys has Identified and Pled Both Actual and Threatened Impact on Competition.***

*Cel-Tech* creates a separate class of unfair competition claims for parties alleging "conduct that significantly threatens or harms competition" separate and apart from anti-trust violations. *Central Valley Medical Group, Inc. v. Independent Physician Associates Medical Group, Inc.* (E.D. Cal., July 25, 2019, No. 119CV00404LJOSKO) 2019 WL 3337891, at *4. A finding of an anti-trust violation is not a mandatory predicate for such claims. *Id.* at *4.

Here, Defendant Google's Motion, with respect to Plaintiff's Unfair Competition Claim, again attempts to mold Plaintiff Snapkeys' claims into something that it wishes to litigate instead of what Plaintiff is actually claiming. Mot. at 6 – 8. Defendant focuses entirely on anti-trust violations, and the totality of its authority relies on anti-trust case law. *Id*. at 6 – 8. In reality, Plaintiff Snapkeys' TAC has properly alleged that Defendant's actions have both an actual and threatened impact on competition, consistent with *Cel-Tech*'s standards. Nowhere in Plaintiff Snapkeys' TAC does Plaintiff identify anti-trust laws as giving rise to Plaintiff's Unfair Competition Claim. TAC at 16 – 18.

Notwithstanding Defendant Google's fundamental mischaracterization of Plaintiff Snapkeys' claims, Plaintiff has properly pled a claim for Unfair Competition under Section 17200, consistent with *Cel-Tech*'s enumerated claims for conduct that significantly threatens or harms competition. *Id*. at 15 – 18. First, Plaintiff's TAC identifies in great detail the manner in which Google's misconduct actually harmed competition from not only Snapkeys but other competitors who Snapkeys had been in contact with regarding business relationships. *Id*. at 15 – 18. Snapkeys has alleged that Google harmed competition in this specific instance by intentionally engaging in dilatory tactics for the purpose of preventing Snapkeys from entering into development agreements with other smartwatch manufacturers. *Id*. at 15 – 16. Further, Plaintiff Snapkeys has alleged that this conduct is indicative of a pattern on a larger-scale – wherein Defendant Google purposefully preys on start-up companies at the expense of technological competitors, both start-up and established. *Id.* at 16.

Not only can the harm and threat to competition be inferred simply from Plaintiff's allegations, Plaintiff Snapkeys goes so far as to set forth the exact way in which harm to competition has happened or is being threatened – indicating that engaging in this practice stifles competition in multiple ways, including the suppression of competition from start-up companies that have technology capable of competing with Google's technology *and* by preventing Google's larger entity competitors from accessing said technology. TAC at 16. That Google engages in conduct designed to foil competition from both start-up and well-known entities is nothing short of a "significant threat or harm" to competition.

Defendant's complaint that Snapkeys is only alleging "exclusion of a single competitor" is simply not true. Mot. at 7. Indeed, Snapkeys is asserting claims on its own *behalf*, but has nevertheless pled that Defendant's behavior in dealing with Plaintiff Snapkeys is actually a wide-scale practice that Google undertakes on a regular basis. TAC at 16. At the motion to dismiss stage, Snapkeys certainly cannot be expected to specifically identify what Google has done with other start-ups before the benefit of full discovery. Snapkeys has properly pled facts and given examples of Google's misconduct, and will certainly conduct discovery on the fact issue of which other start-up companies Google has delayed. Certainly, assuming that Defendant's motion to dismiss is denied as it should be, Plaintiff anticipates that the opportunity to conduct discovery will develop evidence showing a pattern and practice of unfair competition and bad faith conduct by Defendant Google in substantially similar cases, including 50 states and territories investigating the same conduct Plaintiff Snapkeys endured and has pleaded.[1] See, for example, the recent publication from TechCrunch.com entitled, *Google's Play Store is Giving an Age-Rating Finger to Fleksy, a Gboard Rival*.[2] That article illustrates facts analogous to the facts as described Plaintiff's TAC and shows Defendant Google's pattern of attempting to stifle competition within its Google Play Store by applying different standards to Defendant's smaller competition than to itself. Plaintiff also points this Court to *Attia v. Google LLC*, the facts of which demonstrate a substantially similar pattern.[3]

---

[1] "[F]ederal and state regulators and policymakers are growing more concerned not just with the company's impact on ordinary internet users, but also on smaller companies striving to compete in Google's markets." https://www.theguardian.com/technology/2019/sep/09/google-antitrust-investigation-monopoly

[2] https://techcrunch.com/2019/10/23/googles-play-store-is-giving-an-age-rating-finger-to-fleksy-a-gboard-rival/

[3] "According to Plaintiffs, this conduct was a regular day at the office for Defendants—who have allegedly conspired to induce inventors like Mr. Attia to disclose proprietary information about their technology by way of promises of investment or partnership with Google. Once the inventors have handed over the information, Defendants allegedly disregard any non-disclosure agreements and file patent applications disclosing the trade secrets, effectively boxing-out inventors from the

Defendant's Motion to Dismiss Snapkeys' claim in this regard is meritless, and should be denied.

### 2. The Colgate Doctrine does not proscribe Plaintiff's Unfair Competition Claim.

The Colgate Doctrine merely allows a "private business [to] freely exercise . . . independent discretion as to parties with whom [it] deal[s]." *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919).

Defendant's argument that Snapkeys' complaint is merely that Google did not "promote Snapkeys in the manner it wishes" demonstrates at least another fundamental misunderstanding of Plaintiff Snapkeys' *actual* claims – or another attempt to conveniently reshape Plaintiff's allegations. Mot. at 8 – 9. Plaintiff Snapkeys does not claim that Defendant's decision not to partner with Snapkeys is the basis for its claims; instead Plaintiff Snapkeys specifically complains of the overarching pattern of conduct in which Defendant Google identifies potentially threatening start-up companies with viable technology, binds that start-up with an NDA, and then makes misleading promises and false representations regarding the parties' future relationship in order to prevent the start-up company from seeking other opportunities with Google's larger competitors or from making the decision to venture out entirely on its own. TAC at 15 – 18. That allegation is much more than Snapkeys being unhappy with Google's lawful business choices – and that is the allegation which Plaintiff has properly pled as the basis for its Unfair Competition Claim.

### 3. Snapkeys has Properly Requested Restitution in Accordance with Section 17200.

Under California law, the UCL precludes damages and permits restitution as a remedy instead. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1147 (2003); *SkinMedica, Inc. v. Histogen Inc.* (S.D. Cal. 2012) 869 F.Supp.2d 1176, 1184. "Actual direct victims of unfair competition may obtain restitution. . ." *Korea Supply*, 29 Cal.4th at 1152. Restitution is available

---

market for their own technologies." No. 17-CV-06037-BLF, 2018 WL 2971049, at *1 (N.D. Cal. June 13, 2018) (the plaintiff in this case attempted to bring a racketeering claim against Google, which failed and which Plaintiff Snapkeys is not asserting, but the facts nevertheless show Defendant's pattern of bad faith and unfair conduct).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS           PAGE | 6

in monies or properties in which the claimant had an identifiable vested interest in the money he seeks to recover, and which is not contingent upon an uncertain future event. *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1012 (2005); *Nat'l Rural Telecomm. Co-op v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1080 (2003). Thus, a plaintiff cannot seek to obtain the loss of profits it expected to receive if a contract was awarded, but may recover the amount of measurable loss in value or funds actually paid to a defendant. *SkinMedica*, 869 F.Supp.2d at 1185 – 1186.

For one brief example of restitution, the California Supreme Court has held that a plaintiff may recover wages for time actually worked as restitution, reasoning that the wages were the earned property of the individual who has provided labor under the principle of equitable conversion. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 177 – 178 (2000).

Here, for some reason, Defendant Google still cites strings of antitrust case law for no readily discernable reason. Mot. at 9 – 10. Because Snapkeys is alleging an Unfair Competition Claim under Section 17200, Snapkeys is entitled to recover restitution for identifiable losses. *Korea Supply*, 29 Cal.4th at 1152. Foremost, Plaintiff Snapkeys has specifically requested restitution. TAC at 20.

Further, Snapkeys undoubtedly held a vested interest in the prototypes with which it entrusted Google when relying to its detriment on the parties' NDA and Google's misrepresentations. *Id.* at 6. The loss of Plaintiff Snapkeys' prototypes directly flowed from Defendant Google's Unfair Business Practices because Snapkeys would not have entrusted Defendant with the only versions of its prototypes if not for Defendant's misrepresentations and delay tactics – tactics intended to directly harm Snapkeys' ability to compete with Google, individually or through a different technological competitor. This recovery of the cost and value of these prototypes in itself is restitution as permitted under Section 17200, precluding dismissal on the basis of damages.

Additionally, Plaintiff Snapkeys contends that it is entitled to restitution in the amount of labor and expenditures that it expended in reliance on Defendant Google's expressions of an expectation of partnership. Specifically, Defendant Google informed Plaintiff Snapkeys that

Snapkeys was only permitted to solicit business opportunities within the "non-wear" smartwatch keyboard market – which contained virtually no companies. *Id*. at 7 – 8. As a result, Snapkeys forewent other "for-wear" opportunities with which it had been presented in favor of sustaining Snapkeys' relationship with Google. *Id*. at 7. Accordingly, the labor and cost of developing Snapkeys' iType technology specifically for Android Wear and the proposed Keyboard for Wear Collection is recoverable as restitution. To be clear, Plaintiff Snapkeys does not seek restitution for projected lost business opportunities, not permitted under the UCL. Nor does Snapkeys argue that the entirety of its technological developments are recoverable as restitution. Instead, Snapkeys contends that Google's misleading representations directly led to Snapkeys funneling a considerable amount if its resources to developing the iType technology for the specific requirements and considerations that Google was specifically seeking. *Id*. at 7 – 10. Similar to *Cortez*, this remedy is restitution because Snapkeys actually exterted the time, labor, and costs at the behest of Google and is, therefore, actually vested.

### B. Plaintiff's Fraudulent Conduct Claim is Properly Pled.

A business practice is fraudulent and in violation of the UCL if "members of the public are likely [to be] deceived by the practice." *Capella Phototonics, Inc. v. Cisco Sys., Inc.*, 77 F.Supp.3d 850, 865 (N.D. Cal. 2014).

#### 1. Snapkeys Properly Pled a Fraudulent Conduct Claim Under Section 17200.

Under the UCL, Fraudulent Conduct claims may be based "on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1471 (2006)(citing *Prescott v. Rady Children's Hospital-San Diego* 265 F.Supp.3d 1090, 1102 (S.D. Cal. 2017)). A plaintiff need only provide a defendant with "notice of the particular misconduct which is alleged to constitute the fraud charged so that [the defendant] can defend against the charge and not just deny that [the defendant has] done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *McDonald v. Kiloo ApS*, 385 F.Supp.3d 1022, 1039 (N.D. Cal. 2019)). Because the question of whether a business practice is deceptive is judged by the reasonable consumer test – whether members of the public are likely to be deceived – this is

typically a "question of fact not appropriate for decision" in the Motion to Dismiss stage. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012).

In this case, Plaintiff Snapkeys has appropriately pled that Defendant Google made representations to the public. TAC at 17 – 19. Snapkeys has specifically identified that the alert that Defendant Google placed on Plaintiff Snapkeys' iType technology in the Google Play Store was not true because Snapkeys' technology was not designed to collect the information that Google alerted consumers the keyboard may collect. *Id*. at 17 – 18. Further, Snapkeys has pled that Defendant Google's keyboards did indeed collect the very information it was warning consumers about, but that Google instead hid its alert in generic terms and conditions – accepted upon receipt of an Android Wear Device and not when consumers attempted to download Google's smartwatch keyboard app. *Id*. at 18. This is misleading and deceptive to consumers in a number of ways, as Snapkeys' TAC points out: 1) the alert on Snapkeys' device is misleading to consumers who now believe that an app which is fundamentally not capable of collecting the information enumerated in the alert does, may, or is at least capable of collecting such information; 2) consumers are unaware that Google's app does actually collect this information because it deceptively hides its own policy in a generic and lengthy policy statement; 3) consumers who did not read the terms and conditions on Google's devices are more likely to cease use of Snapkeys' app and instead use Google's app because one app (Snapkeys') is emboldened with an untrue alert whereas that same alert does not appear on the other app.[4] *Id*. at 19 – 20.

Snapkeys' TAC therefore adequately pleads the specific fraudulent conduct that it accuses Google of engaging in, complete with graphics of the misleading alert, and goes even further by specifically identifying the ways in which consumers are deceived by Google's practice. *Id*. at 17 – 20.  Defendant Google can properly gauge what it is being charged with in order to defend itself (and Plaintiff notes that this is actually the only claim that Defendant did not mischaracterize in its

---

[4] Arizona has alleged that Google's data collection occurs even despite consumers opting out, further demonstrating the misleading nature of Google's practices. See https://www.businessinsider.com/arizona-sues-google-over-alleged-illegal-phone-location-data-tracking-2020-5

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS                              PAGE | 9

Motion, so it can clearly glean the substance of Plaintiff's allegations). Mot. at 12 – 13.

**2. Snapkeys has Standing to Assert its Fraud Claim and has Pled a Proper Remedy.**

Defendant Google erroneously claims that Plaintiff Snapkeys both lacks standing and has no available remedy under the UCL. Mot. at 13 – 16. Plaintiff Snapkeys takes these arguments together because standing for a fraudulent conduct claim under the UCL necessarily depends on a plaintiff's available remedy. In particular, standing to assert a Section 17200 claim requires: (1) a loss or deprivation of money or property sufficient to qualify as injury in fact (or economic injury); and (2) the economic injury was the result of the unfair business practice or false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 321 – 322 (2011). Plaintiff Snapkeys has indeed asserted an economic injury here – Snapkeys has been deprived of revenue that it would have generated but for Defendant Google's application of a misleading and fraudulent alert. TAC 17 – 20. That necessarily is the result of Google's business practice giving rise to Snapkeys' fraudulent claims in that Google applied a misleading alert to Snapkeys' app. *Id.* at 17 – 19. Such restorative remedy is available in looking to the number of times a consumer went to download Snapkeys' app and failed to do so after seeing the alert – information that Google Play almost assuredly stores. Further, this Court has the option of putting in place an injunction ordering Defedant Google to cease the business practice

Further, Defendant Google's argument of reliance in misleading because in order to have standing to assert a claim under the fraud prong of the UCL, "a plaintiff need not show that he or others were *actually* deceived or confused by the conduct or business practice in question." *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167 (1st Dist. Ct. App. Div. 2 2000) (emphasis in original). Unlike common law fraud or common law deception, a "violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived." *Id.* at 1167 (internal citations omitted).

Here, Plaintiff Snapkeys has unequivocally pled to this Court that members of the public are <u>likely</u> to be deceived by Defendant Google's actions. TAC at 17 – 18. Defendant's argument in this vein also fails.

**C. If the Court determines Plaintiff's Third Amended Complaint is deficient, Plaintiff should be afforded time to cure any alleged deficiencies.**

In the unlikely event that this Court determines that Plaintiff's TAC is somehow deficient as to its UCL claim, which Plaintiff does not concede, the appropriate remedy is not to dismiss but to allow Plaintiff leave to file an amended complaint to cure any deficiencies identified by the Court. *Solis v. City of Fresno*, 2012 WL 868681 (E.D. Cal. March 13, 2012); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("[l]eave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").

Plaintiff Snapkeys has shown this Court, and this Court has already ruled, that it has asserted viable causes of action against Defendant Google. Should this Court find that Plaintiff Snapkeys only need to amend to add additional supporting sentences bolstering its UCL claim, Snapkeys has demonstrated that it is so capable. For these reasons, dismissal of Plaintiff's claims would be improper and contrary to federal precedent.

Therefore, Defendant's Motion to Dismiss should be denied or, Plaintiff's Motion for Leave to Amend Third Amended Complaint should be granted.

Dated: May 29, 2020

                                        */s/ D. Bradley Kizzia*
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Ste. 13000
Dallas, Texas 75201
214.451.0164
214.451.0165 FAX

**DAWN M. SMITH**
State Bar No. 222481
SMITH CLINESMITH, LLP
325 N. Saint Paul Street, 29th Floor
Dallas, TX 75201
214.953.1900
214.953.1901 FAX

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on the 29th day of May, 2019 in accordance with the Federal Rules of Civil Procedure.

>David H. Kramer
>Wilson, Sonsini, Goodrich, & Rosati
>650 Page Mill Road
>Palo Alto, CA 94304
>(650) 493-9300 (telephone)
>(650) 565-5100 (facsimile)
>dkramer@wsgr.com
>
>Charles T. Graves
>Wilson, Sonsini, Goodrich, & Rosati
>1 Market Plaza, Spear Tower, Suite 3300
>San Francisco, CA 94105
>(415) 947-2000 (telephone)
>(415) 947-2099 (facsimile)
>tgraves@wsgr.com

>                    /s/ D. Bradley Kizzia
>                    **D. BRADLEY KIZZIA**