UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAPKEYS, LTD, <br><br>              Plaintiff, <br><br>      v. <br><br> GOOGLE LLC, <br><br>              Defendant. | Case No. 19-cv-02658-LHK (VKD) <br><br> **ORDER RE DISCOVERY DISPUTES RE GOOGLE'S INTERROGATORIES NOS. 1, 3 AND 4** <br><br> Re: Dkt. Nos. 65, 66 |

       Plaintiff Snapkeys, Ltd. ("Snapkeys") and defendant Google LLC ("Google") ask the Court to resolve their disputes concerning Snapkeys' responses to three of Google's interrogatories. Dkt. Nos. 65, 66. The Court deems these matters suitable for resolution without a hearing. Civ. L.R. 7-1(b).

## I.     BACKGROUND

       According to the third amended complaint, Snapkeys developed a keyboard software application for smartwatches running Google's Android operating system. Dkt. No. 55 ¶ 14. In July 2015, the parties entered into a non-disclosure agreement ("NDA") and began discussions regarding the possibility that Google would offer and promote the Snapkeys application for use with Android smartwatches. *Id.* ¶¶ 9-11. Snapkeys provided Google with two prototypes of its keyboard application loaded onto smartwatches. *Id.* ¶¶ 14, 18. Google ultimately decided not to offer or promote Snapkeys' keyboard application. *Id.* ¶ 31.

       In this action, Snapkeys claims that Google breached the parties' NDA by "us[ing] confidential information contained on and/or learned from the Snapkeys' prototypes in [Google's] own Smartwatch keyboard technology," and by "divulging confidential information, in the form

1   of the Snapkeys' smartwatch prototypes and/or information gleaned from same to third-party

2   competitors of Plaintiff Snapkeys, and by permitting the use and/or inspection of this confidential

3   information for use in the implementation of competitor keyboard technologies" for Google's

4   Android Wear 2.0 product line. *Id.* ¶¶ 40-43. Snapkeys also claims that Google breached the

5   NDA by destroying or discarding the two prototypes. *Id.* ¶ 42. Snapkeys also asserts claims

6   against Google for conversion and for violation of California Business and Professions Code

7   § 17200. *See id.* (Counts II and III).

8       Google's Interrogatory No. 1 asks Snapkeys to "identify with precision and specificity

9   each and every alleged item of confidential information that Plaintiff contends Google unlawfully

10   used or disclosed." Dkt. No. 65-1 at 4. Google's Interrogatories Nos. 3 and 4 asks Snapkeys to

11   identify each such alleged use or disclosure "with precision and specificity," including the dates,

12   places, persons involved in, witnesses to, and exact manner of each such use or disclosure. Dkt.

13   No. 66-1 at 5.

14       Google describes Snapkeys' responses to these interrogatories as "evasive" and

15   incomplete. Dkt. No. 65 at 5; Dkt. No. 66 at 2-5. Google asks for an order compelling Snapkeys

16   to supplement its responses these interrogatories or state that it cannot identify the "confidential

17   information" disclosed to Google and has no evidence that Google misused or disclosed such

18   information. Snapkeys says that it has already identified the confidential information that it

19   contends Google used or disclosed in violation of the NDA in response to Interrogatory No. 1, and

20   that its ability to respond more fully to Interrogatories Nos. 3 and 4 is impeded because Google

21   destroyed the confidential prototypes Snapkeys provided under the NDA. Dkt. No. 65. at 6-7;

22   Dkt. No. 66 at 6-7.

23   **II.   DISCUSSION**

24       **A.   Interrogatory No. 1**

25       The parties dispute how detailed and specific Snapkeys' response to Interrogatory No. 1

26   must be. Google argues that because Snapkeys has framed its breach of NDA claim in a manner

27   that resembles a trade secret misappropriation claim, cases applying the requirements of California

28   Civil Code § 2019.210 in trade secret cases are persuasive authority. Snapkeys disputes that its

United States District Court
Northern District of California

2

1   breach of NDA claim is analogous to a trade secret misappropriation claim and objects to the

2   interrogatory to the extent it purports to require identification of the "alleged items of confidential

3   information" as if they were trade secrets subject to § 2019.210.  Snapkeys argues that it has

4   identified its confidential information with reference to the terms of the NDA[1] and consistent with

5   its claim of breach, and that no more is required.

6          The parties' debate about § 2019.210 is not particularly helpful to a resolution of their

7   dispute.  Interrogatory No. 1 is a contention interrogatory.  Google says that it is attempting to

8   discover Snapkeys' contentions regarding its claim for breach of the NDA and the bases for those

9   contentions.  *See* Dkt. No. 65 at 2 (describing the interrogatory as asking "what precise items of

10  'confidential information' does [Snapkeys] accuse Google of misusing or disclosing in violation

11  of the NDA?").  The interrogatory does not use the NDA's definition of "confidential

12  information," but instead defines "alleged item of confidential information" as "any item of

13  allegedly non-public information Plaintiff contends it disclosed to Google in confidence, and

14  contends that Google unlawfully used or disclosed."  Dkt. No. 65-1 at 2.  As Snapkeys does not

15  have a trade secrets claim, and because the interrogatory is directed to Snapkeys' breach of

16  contract claim, § 2019.210 does not apply.

17         Equally unhelpful is Snapkeys' observation that the allegations of its complaint were

18  sufficient to withstand a motion to dismiss under Rule 12(b)(6).  Now that the parties are engaged

19  in discovery, Rule 12(b)(6) does not provide any relevant guidance.  Rules 26 and 33 supply the

20  framework for decision.  Rule 26 permits discovery regarding "any nonprivileged matter that is

21  relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R.

22  Civ. P. 26(b)(1).  Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected

23  to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

24         Google's Interrogatory No. 1 seeks information relevant to a claim or defense.  Snapkeys

25

26  [1] The NDA defines "confidential information" as "information pertaining to the Purpose [of the NDA] that the Discloser considers confidential."  Dkt. No. 35-2 ¶ 2.  The NDA specifies that

27  "confidential information" does not include "information that: (a) was known to Recipient without restriction before receipt from Discloser; (b) is publicly available through no fault of Recipient;

28  (c) is rightfully received by Recipient from a third party without a duty of confidentiality; or (d) is independently developed by Recipient."  *Id.* ¶ 4.

United States District Court
Northern District of California

does not contend that responding to this interrogatory requires an effort that is disproportionate to the needs of the case.  The question is whether Snapkeys' response fairly answers Google's interrogatory.  The Court concludes it does not.

Snapkeys' response to Interrogatory No. 1 is incomplete and unclear in several respects. First, Snapkeys uses language like "includes" and "included, but are not limited to" to identify its confidential information, as in the following:

> The confidential information with which Defendant was entrusted pursuant to the NDA *includes* two Snapkeys' prototypes with its iType keyboard technology and proprietary input system fully integrated, as well as information regarding the specific considerations and interface implementations used in the iType technology.  These considerations *included, but are not limited []to the following:* . . . .

Dkt. No. 65-2 at 3:22-26 (emphasis added).  By using words of qualification, Snapkeys necessarily communicates that its response is not complete.  Snapkeys must provide an unqualified, complete response to the interrogatory.

Second, Snapkeys' response does not clearly identify the confidential information it contends was disclosed to Google and then misused or disclosed without authorization.  For example, in the first paragraph of the response, Snapkeys identifies two items of confidential information that it provided to Google:

1. two Snapkeys prototypes;
2. information regarding the specific considerations and interface implementations used in the iType technology

*Id.* at 3:22-25.  Snapkeys then explains that the second item "includes" four additional items, which Snapkeys refers to as "considerations" but which are described as product features:

a. a text replicator of one-line text, which includes the word being typed and just a few words next to the cursor in larger text;

b. a one-line word list of suggested, alternate, and/or predicted text words;

c. a virtual button for removing the keyboard from the screen;

d. a QWERTY keyboard that substantially occupies the rest of the smart watch screen leaving space for the other, reduced-size features (i.e. text replicator, one-line word

United States District Court
Northern District of California

4

1    list, virtual button) to provide necessary information during typing.

2    *Id.* at 3:25-4:5.  Snapkeys does not say whether the "interface implementations" in the second item

3    are the same as these four "specific considerations."  Snapkeys must clarify this ambiguity.

4        Snapkeys also states that "[t]he software, data, coding and other underlying data that

5    allows these considerations to run on Plaintiff's smartwatch were confidential information,

6    provided to Google in reliance on the NDA[.]"  *Id.* at 4:14-16.  It is not clear what Snapkeys

7    means when it refers to "the software, data, coding and other underlying data" in this context.  In

8    the discovery letter, Snapkeys seems to say that it means the "APKs—the technology that is

9    contained within the prototypes that actually make[s] the technology work correctly."  Dkt. No. 65

10   at 6.  However, Snapkeys' interrogatory response does not refer to the APKs or otherwise identify

11   the software, data, coding and underlying data at issue.  Snapkeys must also clarify this ambiguity.

12       Underlying this dispute is Google's sub-argument that Snapkeys may not base its breach of

13   NDA claim on "confidential information" that cannot possibly be considered confidential.  But

14   this a discovery dispute, not a motion for summary judgment.  If Snapkeys wishes to take the

15   position that the four product features it describes as the key "considerations" of the keyboard

16   applications on its prototypes, and the prototypes as a whole, constitute the "confidential

17   information" disclosed to Google, then Snapkeys will have to support that position going forward.

18   However, if Snapkeys later wishes to argue that some particular novel or innovative feature or

19   implementation detail was disclosed to Google in confidence, distinct from otherwise publicly

20   known or non-confidential material also disclosed to Google, Snapkeys may be foreclosed from

21   making such an argument if it does not describe that particular feature or implementation in detail

22   in response to Interrogatory No. 1.

23       **B.    Interrogatories Nos. 3 and 4**

24       Interrogatories Nos. 3 and 4 ask for information about Snapkeys' contentions that Google

25   used and disclosed Snapkeys' confidential information in violation of the NDA.  In the discovery

26   dispute letter, Google says that Snapkeys contends in correspondence between counsel that

27   Google "reverse engineered" Snapkeys' prototypes but refuses to disclose the basis for that

28   contention, as Interrogatories Nos. 3 and 4 require.  Dkt. No. 66 at 2.  Snapkeys argues that it has

*United States District Court*
*Northern District of California*

1 responded as fully as it can to these interrogatories.[2] *Id.*at 6-7.

2   With some exceptions, Snapkeys' responses to Interrogatories Nos. 3 and 4 appear to be

3 complete based on the information available to Snapkeys at this time.  Snapkeys identifies the

4 following uses and disclosures of its confidential information that it believes violate the parties'

5 NDA:

6    1. Google retained Snapkeys prototypes for at least 15 months and did not return them to

7     Snapkeys;

8    2. Google included features in its own keyboard application that were substantially

9     similar to the four key features/considerations Snapkeys included in its prototypes;

10    3. Google published IME requirements on its developer website that included the same

11     four key features.

12 Dkt. No. 66-2 at 7-10.  Snapkeys provides the dates or approximate dates during which it believes

13 the confidential information was used or disclosed.  For example, Snapkeys says that it provided

14 its prototypes to Google in October and November 2015, seven or eight months before Google

15 released its own smartwatch keyboard with similar features and told third party developers to

16 incorporate these same features in their keyboard applications as well.  *Id.* at 7-8.  In addition,

17 Snapkeys identifies one Google employee, Clem Wright, whom Snapkeys believes caused its

18 confidential information to be used or disclosed in violation of the NDA.  *Id.* at 8.

19   Snapkeys acknowledges in its interrogatory responses that it does not know what Google

20 did with its prototypes during the time they were in Google's possession, and it does not know to

21 whom Mr. Wright or others at Google disclosed the prototypes or information about them.

22 However, Snapkeys does describe the circumstances on which it relies for its contentions that

23 Google had access to its alleged confidential information and used or disclosed it in violation of

24 the NDA.

25   In the discovery dispute letter, Snapkeys says that it cannot supplement its responses to

27 ───────────────

28 [2] Snapkeys also objects that these interrogatories have multiple sub-parts, and each should be counted as four interrogatories instead of one, but Snapkeys does not argue this objection as grounds for not answering the interrogatories.  Dkt. No. 66 at 5-6.

United States District Court
Northern District of California

1    these interrogatories until it has obtained additional discovery of Google, including the deposition

2    of Mr. Wright.  *See id*. at 6 ("Plaintiff does not know exactly when, where, or how Clem Wright

3    discarded the prototypes because he has not yet been deposed . . . .").  In addition, Snapkeys

4    contends that when Google destroyed Snapkeys prototypes, it destroyed evidence of when and

5    how the technology was accessed.  *Id.*at 6, 7.  Finally, Snapkeys says that destruction of the

6    prototypes is itself a misuse of Snapkeys confidential information in violation of the NDA.  *Id.* at

7    6.

8            Snapkeys' discovery dispute letter includes more information about Snapkeys' contentions

9    than is provided in its responses to Interrogatories Nos. 3 and 4.  Moreover, to the extent Snapkeys

10   has asserted in correspondence between the parties' counsel that Google reverse engineered

11   Snapkeys' prototypes, support for that allegation also is missing from Snapkeys' responses to

12   Interrogatories Nos. 3 and 4.

13           The Court agrees with Google that Snapkeys should provide full and complete responses to

14   Interrogatories Nos. 3 and 4 based on information now in its possession, rather than in

15   correspondence or in a submission to the Court.  In addition, depending on the required and

16   permitted amendments Snapkeys makes to its response to Interrogatory No. 1, it may be necessary

17   for Snapkeys to make corresponding amendments to its responses to Interrogatories Nos. 3 and 4.

18   Snapkeys must make these amendments.

19           However, as at least some of the information Google seeks may not be in Snapkeys'

20   possession but in Google's possession, Snapkeys may not be able to fully answer these

21   interrogatories until after it obtains further discovery from Google.  *See* Fed. R. Civ. P. 33(a)(2)

22   ("[T]he court may order that the interrogatory need not be answered until designated discovery is

23   complete[.]").  The Court will not compel Snapkeys to amend its responses with information it

24   does not yet have.

25   **III.    CONCLUSION**

26           Snapkeys must amend its response to Google's Interrogatory No. 1 to address the issues of

27   incompleteness and lack of clarity described above.  Snapkeys may amend its response to describe

28   with greater specificity the items of "confidential information" on which Snapkeys bases its

United States District Court
Northern District of California

United States District Court
Northern District of California

1   breach of NDA claim, as a failure to do so may preclude Snapkeys from contending at a later date

2   that such items are not publicly known and are confidential or are distinct from otherwise non-

3   confidential material disclosed to Google.  Snapkeys' amended response to Interrogatory No. 1

4   must be served no later than **August 6, 2020**.

5            Snapkeys must amend its responses to Interrogatories Nos. 3 and 4 to ensure that those

6   responses are complete and accurate based on information currently in Snapkeys' possession.

7   Snapkeys must also amend its responses to account for other amendments, if any, it makes to its

8   response to Interrogatory No. 1 with respect to describing the "confidential information" at issue.

9   Snapkeys' amended responses to Interrogatories Nos. 3 and 4 must be served no later than **August

10  6, 2020**.

11           As Interrogatories Nos. 3 and 4 are contention interrogatories that Snapkeys may not be

12  able to answer fully and completely until after it takes additional discovery, Snapkeys must

13  promptly supplement its responses to these interrogatories once the necessary discovery has been

14  completed.

15           **IT IS SO ORDERED.**

16  Dated: July 23, 2020

17

18

19                                                  VIRGINIA K. DEMARCHI
                                                    United States Magistrate Judge
20

21

22

23

24

25

26

27

28