UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAPKEYS, LTD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 19-CV-02658-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS UNFAIR COMPETITION LAW CLAIM WITH PREJUDICE**<br><br>Re: Dkt. No. 59 |

Defendant Google LLC ("Google") brings a motion to dismiss Plaintiff Snapkeys, Ltd.'s ("Snapkeys") claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Google's motion to dismiss the UCL claim with prejudice.

**I.　BACKGROUND**

Snapkeys is a "software development company that specializes in creating smartphone and smartwatch keyboard technology." TAC ¶ 7. Snapkeys is a foreign limited liability company based in Israel. *Id.* ¶ 1. Google is a corporation organized under the laws of Delaware with its principal place of business in Mountain View, California. *Id.* ¶ 2.

Beginning in July 2015, the parties engaged in preliminary discussions to promote

Snapkeys' "iType" technology on Google's Android Wear smartwatches. *Id.* ¶ 9. Soon thereafter, Google sent Snapkeys a Developer Non-Disclosure Agreement (the "NDA"), which was executed by the parties on July 29, 2015. *Id.* ¶ 10. The NDA's purpose was "to facilitate technical discussions concerning existing or future product development efforts by the parties." *Id.* ¶ 11. However, the NDA "impose[d] no obligation to proceed with any business transaction." ECF No. 35-2 at 2.

Snapkeys alleges that, over the course of the following year and a half, Google made a number of fraudulent and misleading promises that it would use and promote Snapkeys' iType keyboard technology. *Id.* ¶¶ 12–13. Snapkeys consequently provided Google with prototypes of the technology, including two smartwatches with the technology installed. *Id.* ¶¶ 14, 18. Snapkeys claims that, despite these promises, Google ultimately declined to work with Snapkeys and instead cooperated with a competitor of Snapkeys to develop a smartwatch keyboard that was substantially similar to Snapkeys' technology. *Id.* ¶ 24.

On May 16, 2019, Snapkeys filed a complaint that included a claim for misappropriation of trade secrets. ECF No. 1. Google claims that it then sent Snapkeys a letter that explained that Snapkeys had already publicized the alleged "secrets" before Snapkeys contacted Google. *See* ECF No. 59 at 3. Snapkeys then filed a First Amended Complaint on July 9, 2019 that omitted the trade secrets claim. ECF No. 13. Google moved to dismiss the amended complaint on July 23, 2019. ECF No. 14. In lieu of opposing the motion to dismiss, Snapkeys filed a Second Amended Complaint on September 16, 2019. ECF No. 34. On September 25, 2019, Google moved to dismiss the Second Amended Complaint. ECF No. 35.

On March 4, 2020, the Court granted in part and denied in part Google's motion to dismiss. ECF No. 54. The Court denied Google's motion to dismiss Snapkeys' claims for breach of the NDA and conversion. *Id.* at 5–7, 10–12. The Court dismissed Snapkeys' claims for fraud and breach of the implied covenant of good faith and fair dealing with prejudice. *Id.* at 7–10, 16–17.

The Court dismissed Snapkeys' UCL claim with leave to amend. *Id.* at 12–15. Specifically,

2
Case No. 19-CV-02658-LHK
ORDER GRANTING MOTION TO DISMISS UNFAIR COMPETITION LAW CLAIM WITH PREJUDICE

as to Snapkeys' UCL unfair prong claim, the Court granted leave to amend "only to the extent that Snapkeys can plead facts showing that Google's conduct 'threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Id.* at 15 (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 186 (1999)).

As to Snapkeys' UCL fraudulent prong claim, the Court granted leave to amend "only to the extent that Snapkeys can identify how Google's alert was misleading, and that any omission alleged to be fraudulent was 'contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.'" *Id.* at 14 (*quoting In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, Case No. 16-MD-02752-LHK, 2017 WL 3727318, at *29 (N.D. Cal. Aug. 30, 2017)).

On April 3, 2020, Snapkeys filed its Third Amended Complaint, which included an amended UCL claim. *See* TAC ¶¶ 36–64. On May 8, 2020, Google moved to dismiss the UCL claim. ECF No. 59 ("Mot."). On May 29, 2020, Snapkeys filed an opposition. ECF No. 60 ("Opp'n"). On June 12, 2020, Google filed a reply. ECF No. 61 ("Reply").

## II.    LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal

quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.  Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).  When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Snapkeys brings three claims against Google: (1) breach of non-disclosure agreement, (2) conversion, and (3) unfair and fraudulent conduct in violation of the UCL. *See* TAC ¶¶ 36–64. Because the Court already denied Google's motion to dismiss the first two claims, Google moves to dismiss only the UCL claim. Mot. at 5–18.

The UCL "provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent." *Backhaut v. Apple, Inc.,* 74 F. Supp. 3d 1033, 1050 (N.D. Cal. 2014) (citing Cal. Bus. & Prof. Code § 17200). Each of these prongs "is a separate and distinct basis for liability." *Lozano v. AT&T Wireless Servs.*, Inc., 504 F.3d 718, 731 (9th Cir. 2007). Snapkeys alleges that Google is liable under the unfair and fraudulent prongs of the UCL. TAC ¶¶ 53–64. The Court considers each prong in turn.

### A. UCL Unfair Prong

Snapkeys alleges that Google engaged in unfair conduct by making fraudulent statements indicating that it would enter into a business relationship with Snapkeys even though Google had no intent of doing so. TAC ¶ 54. According to Snapkeys, Google's true intent was to "undertake dilatory tactics that delayed and prevented Plaintiff Snapkeys from entering into agreements with other smartwatch companies and/or manufacturers . . . under promises of a better and more beneficial business relationship with Google." *Id*.

Under the UCL, "a business practice is 'unfair' only if it 'threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise *significantly* threatens or harms competition.'" *Drum v. San Fernando Valley Bar Ass'n.*, 182 Cal. App. 4th 247, 254 (2d. Dist. Ct. App. Div. 5 2010) (quoting *Cel-Tech*, 20 Cal. 4th at 187) (emphasis added).

In order to allege that conduct "*significantly* threatens or harms competition," a plaintiff must allege harm to the market as a whole. *Id.* (emphasis added). As the California Supreme Court has stated, "[i]njury to a competitor is not equivalent to injury to competition." *Cel-Tech*, 20 Cal. 4th at 186. Accordingly, "individualized harm . . . does not support a claim for violation of the

5

UCL." *Marsh v. Anesthesia Servs. Med. Grp., Inc.*, 200 Cal. App. 4th 480, 501–02 (4th Dist. Ct. App. Div. 1 2011). A plaintiff must allege harm to the competitive market "as a whole," not just to a competitor. *Id*. at 502; *see also Stewart v. Gogo, Inc.*, Case No. C-12-5164-EMC, 2013 WL 1501484, at *4–*6 (N.D. Cal. 2013) (dismissing Sherman Act, Cartwright Act, and UCL claims because "[p]laintiffs have failed to allege that . . . there has been *substantial* foreclosure of competition in the relevant market") (emphasis added). Thus, in order to allege a UCL unfair prong claim, Snapkeys must allege harm to the market as a whole, not just harm to itself.

However, Snapkeys offers only conclusory allegations as to how Google's conduct significantly harms competition. Snapkeys alleges that Google's conduct significantly harms competition by "allow[ing] Google to produce products without having to provide proper compensation and/or monetization to the start-up companies"; "allow[ing] Google to stifle competition from serious, large competitors that are vying for excellent technology from start-ups to integrate into their own products"; and "harm[ing] competition from start-up companies who are seeking to market advanced and new technology for compensation to the business that will provide them with the best option." TAC ¶ 56. However, Snapkeys never offers specific facts that support these allegations, except facts involving Snapkeys. Moreover, the Court notes that the NDA that Snapkeys and Google signed did not obligate the parties "to proceed with any business transaction" or preclude Snapkeys from entering into relationships with Google's competitors. ECF No. 35-2 at 2.

Snapkeys' failure to plead specific facts requires this Court to dismiss Snapkeys' UCL unfair prong claim. The Ninth Circuit has affirmed dismissal of a UCL unfair prong claim based on conclusory allegations of competitive harm. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136–37 (9th Cir. 2014). In *Levitt*, a number of businesses alleged that Yelp's conduct "harms competition by favoring businesses that submit to Yelp's manipulative conduct and purchase advertising to the detriment of competing business that decline to purchase advertising." *Id*. at 1136. The Ninth Circuit characterized this as a "very general allegation" that failed to allege that such conduct amounts to a "violation of antitrust laws 'or otherwise significantly threatens or harms

competition.'" *Id*. at 1137 (quoting *Cel-Tech*, 20 Cal. 4th at 187).

Following the Ninth Circuit's guidance, district courts have dismissed UCL claims where the plaintiff pled conclusory allegations of significant harm to competition without providing specific facts that supported them. For example, in *Hadley v. Kellogg Sales Co.*, this Court dismissed a UCL claim because "*Twombly* and *Iqbal* . . . require Plaintiff to plead facts, not conclusory allegations." 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) (citing *Iqbal*, 556 U.S. at 678). Another court in this district dismissed a UCL claim where the plaintiff alleged that "taxi companies 'have been coerced not to do business with [the plaintiff]' but [gave] no 'further factual enhancement' regarding the alleged coercion." *Creative Mobile Tech., LLC v. Flywheel Software, Inc.*, Case No. 16-CV-02560-SI, 2016 WL 7102721, at *2 (N.D. Cal. Dec. 6, 2016) (quoting *Twombly*, 550 U.S. at 557). Similarly, Snapkeys offers no specific facts demonstrating the plausibility of its allegations.

Realizing that its complaint fails to allege that Google's conduct significantly harmed competition, Snapkeys, in its opposition to the instant motion to dismiss, tries to identify two examples where Google engaged in similar conduct, but both fail. Opp'n at 5. First, Snapkeys points to an article about Google's age ratings of a start-up's keyboard, which Google allegedly concluded was only appropriate for users over the age of 12 despite the fact that Google's own keyboard included the same features and was rated as appropriate for all users. *See* Natasha Lomas, *Google's Play Store Is Giving an Age-Rating Finger to Fleksy, a Gboad Rival* (Oct. 23, 2019), https://techcrunch.com/2019/10/23/googles-play-store-is-giving-an-age-rating-finger-to-fleksy-a-gboard-rival/. However, this article never states that the start-up attempted to deal with Google and delayed business opportunities with other companies based on promises of a relationship with Google. *Cf.* TAC ¶¶ 54, 56.

Second, Snapkeys cites to an opinion in another federal case against Google. The plaintiffs in that case alleged that Google had "conspired to induce inventors like Mr. Attia to disclose proprietary information about their technology by way of promises of investment or partnership with Google." *Attia v. Google LLC*, Case No. 17-CV-06037-BLF, 2018 WL 2971049, at *1 (N.D.

7

Case No. 19-CV-02658-LHK
ORDER GRANTING MOTION TO DISMISS UNFAIR COMPETITION LAW CLAIM WITH PREJUDICE

Cal. June 13, 2018). Then, "[o]nce the investors have handed over the information, [Google] allegedly disregard[s] any non-disclosure agreements and file[s] patent applications disclosing the trade secrets" *Id*. However, these allegations do not support Snapkeys. Rather, the allegations in *Attia* relate to Google's alleged practice of disclosing trade secrets, a theory that Snapkeys originally proceeded on but eventually abandoned. *Compare* ECF No. 1 ¶¶ 34–40 (trade secrets claim) *with* ECF No. 13 (First Amended Complaint excluding trade secrets claim). Thus, the examples cited in Snapkeys' opposition are unavailing.

Acknowledging that it does not have the facts to show that Google's conduct significantly harmed competition, Snapkeys argues that, with the benefit of full discovery, Snapkeys could gather facts to make plausible allegations. Opp'n at 5. However, Snapkeys' argument is unpersuasive for two reasons. First of all, information about Snapkeys' dealings with Google's competitors would be in Snapkeys', not Google's, possession. Yet, Snapkeys fails to allege facts demonstrating harm to competition in the market as a whole.

Second, with respect to discovery that could be in Google's possession, the Court notes that Snapkeys had nearly eight months of discovery prior to the filing of its Third Amended Complaint on April 3, 2020. ECF No. 55. On August 19, 2019, the Court set a case schedule, which set the close of fact discovery on July 31, 2020; a dispositive motion hearing on January 7, 2021; and trial on March 29, 2021. ECF No. 27. Moreover, since July 23, 2019, Snapkeys has been on notice that its UCL unfair prong claim had this deficiency. In Google's July 23, 2019 and September 25, 2019 motions to dismiss, Google asserted that Snapkeys had failed to allege significant harm to competition in the market as a whole. *See* ECF No. 13 at 19–20; ECF No. 35 at 20–21. In its March 4, 2020 order, this Court dismissed Snapkeys' UCL unfair prong claim because of this deficiency. ECF No. 54 at 15. Despite being on notice of this deficiency since July 23, 2020, Snapkeys' September 16, 2020 Second Amended Complaint and April 3, 2020 Third Amended Complaint failed to allege facts demonstrating significant harm to competition in the market as a whole.

In sum, the Court GRANTS Google's motion to dismiss Snapkeys' UCL unfair prong

claim because Snapkeys fails to allege specific facts demonstrating significant harm to competition in the market as a whole. Thus, the remaining question is whether Snapkeys' UCL unfair prong claim should be dismissed with prejudice or leave to amend.

Dismissal with prejudice is warranted when amendment would be futile, unduly prejudice the opposing party, or cause undue delay. *See Leadsinger*, 512 F.3d at 532. The instant case was filed in May 2019. ECF No. 1. Since that time, Snapkeys has filed four complaints. *See* ECF Nos. 1, 14, 34, 55. In all four complaints, Snapkeys has failed to allege a UCL unfair prong claim. Moreover, Google has already filed three motions to dismiss asserting that Snapkeys cannot state a UCL unfair prong claim because Snapkeys cannot allege harm to the market as a whole. *See* ECF No. 13 at 19–20; ECF No. 35 at 20–21; ECF No. 59 at 5–10. Requiring Google to file a fourth motion to dismiss Snapkeys' UCL unfair prong claim will unduly prejudice Google.

Furthermore, a fourth amended complaint and a fourth motion to dismiss would unduly delay the case. Indeed, the Court notes that the Court has already extended the fact discovery deadline in this case from July 31, 2020 to November 27, 2020 and has granted associated extensions for dispositive motions and trial. *Compare* ECF No. 27 *with* ECF No. 64. Leave for Snapkeys to file a fifth complaint and the parties to litigate a fourth motion to dismiss would require another extension of the fact discovery deadline and further delay of dispositive motions and trial. Thus, the Court concludes that amendment would be futile, would unduly prejudice Google, and would cause undue delay. Accordingly, the Court denies Snapkeys leave to amend its UCL unfair prong claim.

### B. UCL Fraudulent Prong

Snapkeys claims that Google engaged in fraudulent conduct in violation of the UCL by creating an allegedly misleading alert to consumers who enabled the Snapkeys iType keyboard on the Android Wear smartwatch. The alert stated that Snapkeys' keyboard "may be able to collect all the text you type, including personal data like passwords and credit card numbers." TAC ¶ 59. According to Snapkeys, this alert was misleading because Snapkeys' keyboard is not designed to collect the text that a user types. *Id*.

"[A] business practice is 'fraudulent' in violation of the UCL if 'members of the public are likely [to be] deceived by the practice.'" *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 865 (N.D. Cal. 2014) (quoting *Committee on Children's Television v. Gen. Foods. Corp.*, 35 Cal.3d 197, 214 (1983), *superseded by statute on other grounds as stated in Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006)). However, before the Court can decide the merits of a claim under the UCL's fraudulent prong, the Court must first determine whether the plaintiff has standing. *See O'Connor v. Uber Tech., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014).

Under a 2004 amendment to the UCL, standing is limited to plaintiffs who have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To satisfy this standard, a plaintiff must demonstrate that she actually relied upon the allegedly deceptive or misleading statements. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306, 326 (2009). If the plaintiff did not rely on the statements, the plaintiff cannot establish standing. *See Kane v. Chobani, Inc.*, Case No. 12-CV-02425-LHK, 2013 WL 5289253, at *8 (N.D. Cal. Sept. 19, 2013) (dismissing UCL claims based on Defendants' statements on their website where Plaintiffs did not allege that they had viewed the website). Moreover, the plaintiff's own lack of reliance on the statements precludes standing even if third parties relied on the statements. *See O'Connor*, 58 F. Supp. 3d at 1002 ("[C]ourts have recognized that UCL fraud plaintiffs must allege their own reliance – not the reliance of others – to have standing under the UCL.").

The allegedly fraudulent statement in this case consists of an alert that informed consumers who were enabling Snapkeys' keyboard that the keyboard "may be able to collect all the text you type." *See* TAC ¶ 59. However, Snapkeys never alleges that it relied on the statement made in this alert. Rather, Snapkeys alleges that consumers relied on the statement. *See* TAC ¶ 59 (stating that "[t]his alert told *Smartwatch users attempting to enable the Snapkeys keyboard*, that Snapkeys, Ltd. could use the keyboard to collect all text that the user types") (emphasis added).

Because Snapkeys does not allege its own reliance, Snapkeys does not have standing to

challenge this statement under the fraudulent prong of the UCL. *See O'Connor*, 58 F. Supp. 3d at 1003 (dismissing a UCL fraudulent prong claim brought by Uber drivers because the drivers "have not alleged their own reliance on Uber's misrepresentations" but only the reliance of "Uber's *customers*") (emphasis in original); *ZL Technologies v. Gartner, Inc.*, Case No. 09-CV-02393-JF, 2009 WL 3706821, at *11 (N.D. Cal. Nov. 4, 2009) (dismissing a UCL fraudulent prong claim where the plaintiff "alleges not its own reliance upon the Alleged Defamatory Statements, but that of third parties – potential customers – resulting in a loss of profits and injury to [plaintiff]").

Nonetheless, Snapkeys argues that it has standing to bring a claim under the UCL's fraudulent prong. Opp'n at 10. To support its argument, Snapkeys cites *Schnall v. Hertz Corporation*, which states that, to assert a UCL claim under the fraudulent prong, "a plaintiff need not show that he or others were *actually* deceived or confused by the conduct or business practice in question." 78 Cal. App. 4th 1144, 1167 (1st Dist. Ct. App. Div. 2 2000). However, *Schnall* predates the 2004 amendment to the UCL and the California Supreme Court's subsequent interpretation of that amendment. *See* Cal. Bus. & Prof. Code § 17204 (amending the UCL to limit standing to plaintiffs who "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition"); *In re Tobacco II Cases*, 46 Cal. 4th at 326 (interpreting the amendment to require that a plaintiff have actually relied upon the statements).

As the decisions following *In re Tobacco II Cases* make clear, a plaintiff does not have standing to bring a claim under the UCL's fraudulent prong unless the plaintiff herself relied on the statements. Because Snapkeys does not allege its own reliance on the statement made in the alert, Snapkeys lacks standing to bring a claim under the UCL's fraudulent prong. Accordingly, the Court GRANTS Google's motion to dismiss Snapkeys' UCL fraudulent prong claim.

The Court dismisses Snapkeys' UCL fraudulent prong claim with prejudice. Dismissal with prejudice is warranted because an amendment would be futile. *See Leadsinger*, 512 F.3d at 532; *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) ("Leave to amend need not be granted when an amendment would be futile."). Indeed, Snapkeys has already failed

multiple times to adequately allege a UCL fraudulent prong claim. In addition, it is unlikely that Snapkeys can cure the standing defects this Court has identified, given that Snapkeys is not a consumer who actually relied upon Google's alert. Thus, the Court concludes that amendment would be futile.

Moreover, as explained above, granting leave to amend would unduly prejudice Google and unduly delay the case. *See* p. 9, *supra*. Accordingly, the Court denies Snapkeys leave to amend its UCL fraudulent prong claim.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Google's motion to dismiss Snapkeys' UCL claim with prejudice.

**IT IS SO ORDERED.**

Dated: October 30, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge