1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14
15
16

SNAPKEYS, LTD,

              Plaintiff,

     v.

GOOGLE LLC,

              Defendant.

Case No. 19-CV-02658-LHK

**ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Re: Dkt. No. 80

17
18
19
20
21

On May 16, 2019, Plaintiff Snapkeys, Ltd. ("Snapkeys") filed the instant case against Defendant Google LLC ("Google"). Before the Court is Snapkeys' motion for leave to file a Fourth Amended Complaint, ECF No. 80 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Snapkeys' motion for leave to file a Fourth Amended Complaint.

22
23
24
25
26
27

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Undue delay, undue prejudice, and previous amendments may justify denial of leave to amend. *See, e.g.*, *Dupree v. Apple, Inc.*, 2017 WL 201705, at *4 –*6

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (N.D. Cal. Jan. 18, 2017) (concluding that undue delay, undue prejudice, and previous

2   amendments justified denial of leave to amend); *Campbell v. Feld Entertainment, Inc.*, 2014 WL

3   12701123, at *3 –*6 (N.D. Cal. Feb. 14, 2014) (denying leave to amend where amendment would

4   have unduly delayed the case and unduly prejudiced the defendant).

5          Where a party moves to amend after the Court's deadline for filing motions or amending

6   the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause

7   and obtain the judge's consent to modify the deadlines set by the Court. *See* Fed. R. Civ. P.

8   16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the

9   amendment. Carelessness is not compatible with a finding of diligence and offers no reason to

10  grant relief." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations

11  and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08

12  (9th Cir. 1992)).[1]

13         In the instant motion, Snapkeys moves for leave to file a Fourth Amended Complaint,

14  which would be Snapkeys' fifth complaint in this case. Mot. For the reasons stated below, the

15  Court finds undue delay, undue prejudice to Google, and three previous amendments by Snapkeys,

16  so the Court need not address the other leave to amend factors. Furthermore, the Court concludes

17  that Snapkeys has not shown good cause to modify the case schedule.

18         Since the instant case was filed on May 16, 2019, Snapkeys has filed four complaints and

19  Google has filed three motions to dismiss. ECF No. 1. Specifically, on May 16, 2019, Snapkeys

20  filed its Complaint. ECF No. 1.

21         On July 9, 2019, following a letter from Google, Snapkeys filed a First Amended

22  Complaint. *See* ECF No. 13; ECF No. 59 at 3. On July 23, 2019, Google moved to dismiss the

23  First Amended Complaint. ECF No. 14.

24         In lieu of opposing the motion to dismiss, Snapkeys filed a Second Amended Complaint on

25

26  ―――――――――――――
[1] Snapkeys asserts that Rule 16 does not apply to the instant case because the Court did not set a
27  deadline for amending the pleadings. Reply at 2. However, the Court set a deadline of December
    6, 2019 for amending the pleadings. *See* ECF No. 27. Snapkeys filed the instant motion more than
    a year after that deadline.

28                                                    2

United States District Court
Northern District of California

1    September 16, 2019. ECF No. 34. On September 25, 2019, Google moved to dismiss the Second

2    Amended Complaint. ECF No. 35. On March 4, 2020, the Court granted in part and denied in part

3    Google's motion to dismiss with leave to amend. ECF No. 54.

4         On April 3, 2020, Snapkeys filed its Third Amended Complaint, which included an

5    amended claim under California's Unfair Competition Law ("UCL"). *See* TAC ¶¶ 36–64. On May

6    8, 2020, Google moved to dismiss the amended UCL claim. ECF No. 59. On October 30, 2020,

7    this Court granted Google's motion to dismiss Snapkeys' UCL claim with prejudice and

8    concluded that amendment would be futile, would unfairly prejudice Google, and would cause

9    undue delay. ECF No. 74.

10        In sum, Snapkeys has previously amended its complaint three times, and thus has already

11   filed a total of four complaints in this case, which weighs against granting leave to amend. *See*

12   *Johnson*, 356 F.3d at 1077 (holding that, in considering whether to grant leave to amend, courts

13   should consider whether the plaintiff has previously amended the complaint); *see also City of Los*

14   *Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's

15   discretion to deny leave to amend is particularly broad where plaintiff has previously amended the

16   complaint.") (quotation omitted).

17        Additionally, permitting Snapkeys to file a Fourth Amended Complaint would prejudice

18   Google. As explained above, Google has already filed three motions to dismiss in the instant case.

19   *See* ECF Nos. 13, 35, 59. Google has also filed a motion for summary judgment, which is fully

20   briefed and soon to be decided by the Court. *See* ECF No. 98. Google will be unduly prejudiced if

21   Google is required to file a fourth motion to dismiss and a second motion for summary judgment.

22        Moreover, Google will be unduly prejudiced if the Court significantly delays the case

23   schedule at this late stage of the case. Fact discovery has been closed for nearly six months,

24   Google's motion for summary judgment is fully briefed and soon to be decided by the Court, a

25   pretrial conference is scheduled for July 15, 2021, and trial is scheduled to begin on August 6,

26   2021. A fifth complaint and a fourth motion to dismiss would require that the parties re-brief

27   summary judgment and that the Court significantly delay dispositive motions, the pretrial

28

3

1   conference, and trial.

2       The Court notes that at Snapkeys' request, the Court already extended the fact discovery

3   deadline in this case from July 31, 2020 to November 27, 2020 and granted associated extensions

4   for dispositive motions and trial. *Compare* ECF No. 27 *with* ECF No. 64. Thus, the Court

5   concludes that amendment would prejudice Google, which also weighs against leave to amend.

6   *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that "it

7   is the consideration of prejudice to the opposing party that carries the greatest weight" among the

8   leave to amend factors).

9       Finally, the Court finds undue delay. As explained above, Snapkeys has already filed four

10  complaints and has had nearly eighteen months in which to finalize the pleadings. Additionally,

11  Snapkeys stated that Snapkeys planned to seek leave to amend in the parties' October 21, 2020

12  joint case management statement. ECF No. 72 at 1. However, Snapkeys did not file the instant

13  motion for leave to amend until December 18, 2020, after fact discovery had closed on November

14  27, 2020. Accordingly, the Court finds undue delay, which also weighs against leave to amend.

15  *See Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (affirming denial of motion for

16  leave to amend because of undue delay where, among other things, the plaintiff "waited until after

17  discovery was over, just four and a half months before the trial date, before moving to amend its

18  complaint"). Furthermore, the Court concludes that Snapkeys has not shown good cause to alter

19  the case schedule at this late stage in the case. *See Hannon*, 887 F. Supp. at 1319 ("The 'good

20  cause' standard primarily considers the diligence of the party seeking the amendment.") (internal

21  alterations and quotations omitted).

22      For the reasons stated above, the Court DENIES Snapkeys' motion for leave to file a

23  Fourth Amended Complaint.

24  **IT IS SO ORDERED.**

25  Dated: May 8, 2021

26  _____

27  LUCY H. KOH
    United States District Judge

28
    4

United States District Court
Northern District of California