UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAPKEYS, LTD,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 19-CV-02658-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 97 |

Plaintiff Snapkeys, Ltd. ("Snapkeys") sues Defendant Google LLC ("Google") for breach of contract and conversion. Before the Court is Google's motion to file under seal portions of Google's motion for summary judgment and portions of the declarations and exhibits that were filed in support of Google's motion for summary judgment, ECF No. 97. Having considered the motion, the relevant law, and the record in this case, the Court hereby GRANTS IN PART AND DENIES IN PART Google's motion to file under seal.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-

2

5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

## II. DISCUSSION

Google moves to file under seal portions of Google's motion for summary judgment and portions of the exhibits and declarations that were filed in support of Google's motion for summary judgment. *See* ECF No. 97. In determining which standard applies to a motion to seal, "[t]he focus . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. In the instant case, the motion at issue is a motion for summary judgment, a dispositive motion that is more than tangentially related to the underlying causes of action, so the "compelling reasons" standard applies to Google's motion to seal. *See Kamakana*, 447 F.3d at 1179, 1181 (applying the "compelling reasons" standard to a motion to seal documents attached to a motion for summary judgment); *Cal. Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) (applying the "compelling reasons" standard to a motion to seal an exhibit to a declaration attached to a motion for summary judgment because a motion for summary judgment is "a dispositive motion that is more than tangentially related to the underlying causes of action"); *Microsoft Corp. v. Hon Hai Precision Industry Co., Ltd.*, 2020 WL 4901610, at *2 (N.D. Cal. Aug. 20, 2020) (applying the "compelling reasons" standard to a motion to seal documents attached to a motion for summary judgment because "motions for summary judgment are more than tangentially related to the underlying causes of action").

Google contends that Google has compelling reasons to seal the following information: (1) confidential information about Google's smartwatch keyboard technology; (2) confidential non-party information; (3) personally identifiable information; and (4) documents designated as

3

Case No. 19-CV-02658-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

1    confidential by Snapkeys. *See* ECF No. 97. The Court addresses each category of information in
2    turn.

### A. Confidential Information about Google's Smartwatch Technology

Google seeks to seal a limited amount of confidential information concerning Google's smartwatch keyboard, which is contained in the following exhibits to declarations filed in support of Google's motion for summary judgment: (1) Exhibits 3 and 11 to the Declaration of Clement Wright; (2) Exhibits 2–5 and 10 to the Declaration of Henry Ou; (3) Exhibits 6 and 9 to the Declaration of Tom Ouyang; and (4) Exhibits 2–7 to the Declaration of Mark Renouf. ECF No. 97 at 2. Google contends that sealing this information is necessary because Google would suffer competitive harm if this information were to be released. *Id.* at 2–3.

The United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts have found compelling reasons to seal "proprietary and confidential business information" that would harm a party's competitive standing. *See In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms, royalty rates, and guaranteed minimum payment terms," which would harm a party's competitive standing if disclosed); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding compelling reasons to seal confidential information where disclosure would harm the plaintiff's competitive standing). Specifically, courts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the Sun Ethernet technology"); *Guzik Tech. Enterprises v. Western Digital Corp.*, 2013 WL 6092852, at *11 (N.D. Cal. Nov. 19, 2013) (granting motion to seal confidential information regarding the plaintiff's technology where the disclosure of that information would harm the plaintiff's competitive standing).

4

Case No. 19-CV-02658-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL

1    Similarly, the Court concludes in the instant case that the competitive harm that would result from the disclosure of confidential information regarding Google's smartwatch technology is a compelling reason that outweighs the general history of access and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. Because the Court concludes that there are compelling reasons to seal confidential information regarding Google's smartwatch technology, the Court GRANTS Google's motion to file under seal confidential information about Google's smartwatch technology.

### B. Confidential Non-Party Information

Google seeks to seal a limited amount of confidential non-party information regarding its business partners, which is contained in the following declarations and exhibits to declarations filed in support of Google's motion for summary judgment: (1) the Declaration of Clement Wright and Exhibits 1 and 2 thereto; (2) the Declaration of Braden Sheff and Exhibit 1 thereto; (3) Exhibit 1 to the Declaration of Mark Renouf; and (4) Exhibit 6 to the Declaration of Tom Ouyang. ECF No. 97 at 3. Google contends that the disclosure of this information could harm the competitive standing of Google and its business partners. *Id.*

As explained above, courts have found compelling reasons to seal confidential information that could harm a party's competitive standing. *See* Section III(A), *supra*. Specifically, this Court has found compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information would harm the party's competitive standing. *See, e.g., DiscoverOrg Data, LLC*, 2020 WL 8669859, at *3 (finding compelling reasons to seal confidential information about the plaintiff's contracts with third parties where the disclosure of that information would harm the plaintiff's competitive standing); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal contracts between the plaintiff or defendant and third parties where the information would harm the parties' competitive standing). The Court comes to the same conclusion in the instant case. Accordingly, the Court GRANTS Google's motion to file under seal confidential non-party information.

### C. Personally Identifiable Information

Google seeks to redact personally identifiable information of its current and former employees, including their email addresses and telephone numbers, which is contained in the following exhibits to declarations filed in support of Google's motion for summary judgment: (1) Exhibits 4, 6–8, 15, 16, and 18–24 to the Declaration of Clement Wright; (2) Exhibit 8 to the Declaration of Mark Renouf; (3) Exhibits 13 and 15 to the Declaration of Henry Ou; and (4) Exhibits 2, 7, and 8 to the Declaration of Tom Ouyang. ECF No. 97 at 4. This personally identifiable information is not relevant to the merits of Google's motion for summary judgment.

This Court has found compelling reasons to seal personally identifiable information. *See Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address). The Court comes to the same conclusion in the instant case. Accordingly, the Court GRANTS Google's motion to file under seal personally identifiable information.

### D. Documents Designated as Confidential by Snapkeys

Google seeks to seal documents designated by Snapkeys as confidential pursuant to the Stipulated Protective Order that has been entered in the instant case, ECF No. 48. *See* ECF No. 97 at 5. Google has also redacted all references to those documents in its Motion for Summary Judgment. *Id.*

If the party filing an administrative motion to file under seal is seeking to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the party that designates the information as sealable must file a declaration establishing that the designated material is sealable within 4 days of the filing of the administrative motion to file under seal. *See* Civ. L.R. 79-5(e).

In the instant case, Google seeks to file under seal documents designated as confidential by Snapkeys pursuant to the Stipulated Protective Order that has been entered in the instant case. ECF No. 97 at 5. Under Civil Local Rule 79-5(e), Snapkeys' declaration was due 4 days after the March 18, 2021 filing of Google's motion to file under seal. As of today, May 14, 2021, Snapkeys has not filed a declaration establishing that the designated material is sealable. Accordingly, the Court DENIES Google's motion to file under seal documents designated as confidential by Snapkeys. *See* Civ. L.R. 79-5(e).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Google's motion to file under seal. Pursuant to Civil Local Rule 79-5(f)(3), Google shall refile its motion for summary judgment and supporting exhibits in conformance with the rulings herein within seven days.

**IT IS SO ORDERED.**

Dated: May 14, 2021

_____
LUCY H. KOH
United States District Judge