UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SNAPKEYS, LTD,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 19-cv-02658-LHK (VKD)<br><br>**ORDER DENYING SNAPKEYS' MOTION FOR FINDING OF SPOLIATION**<br><br>Re: Dkt. No. 99 |

Plaintiff Snapkeys, Ltd. ("Snapkeys") moves for a finding of spoliation against defendant Google LLC ("Google") and for imposition of an adverse inference that Google extensively examined and tested Snapkeys' prototype software. Dkt. No. 99. The Court held a hearing on the motion on May 11, 2021. Dkt. No. 117. The motion is denied.

**I.    BACKGROUND**

In November 2015, pursuant to a non-disclosure agreement ("NDA"), Snapkeys provided Google with two prototype smart watches containing Snapkeys' keyboard software application. Dkt. No. 98-1 at ECF 16 (Ghassabian Dep. 37:4-8). Google employee, Clem Wright, examined the watches and then discarded them in July or August 2016. *See* Dkt. No. 103 at 6.

On November 1, 2016, Snapkeys' counsel sent Google a letter terminating the NDA and demanding that Google cease and desist using any technology or intellectual property provided by Snapkeys. Dkt. No. 99-2 at ECF 2-3. In that same letter, Snapkeys' counsel demanded that Google return the two watches and threatened possible legal action. *Id.*

## II. DISCUSSION

Spoliation "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *See Apple, Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). A finding of spoliation may support imposition of an adverse inference instruction. *Id.* Courts in in this district generally require a party claiming spoliation to establish: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) the records were destroyed with a culpable state of mind, and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.* at 989-90.

In its motion, Snapkeys argues that "Google's duty to preserve evidence was triggered on, at least, November 1, 2016 when Snapkeys sent Defendant a demand letter." Dkt. No. 99 at 4. However, in its reply, Snapkeys argues that the NDA imposed a contractual duty to preserve the watches for five years, and that Google should have been on notice that litigation would be reasonably foreseeable if Google breached this duty by destroying the watches. Dkt. No. 107 at 2-3. In short, Snapkeys contends that the NDA itself triggered Google's duty to preserve evidence. *Id.* at 3.

Spoliation concerns the preservation of evidence for litigation. Snapkeys has failed to establish that Google had an obligation to preserve evidence as of July or August 2016 when Mr. Wright discarded the watches. Google did not receive any notice of a potential legal claim against it until November 1, 2016. Snapkeys argues that a contractual duty to "protect" the watches as confidential information and not "use or disclose" them imposes a duty to preserve evidence for litigation. This argument is implausible and wholly unsupported by any legal authority. Based on the record before the Court, Snapkeys has not shown that litigation was reasonably foreseeable before November 1, 2016, and Google discarded the watches several months earlier. Moreover, Snapkeys has failed to establish that Google discarded the watches with a culpable state of mind. Snapkeys points to no evidence in the record that would even an inference of culpability.

### III. CONCLUSION

For the reasons explained above, the Court denies Snapkeys' motion for a finding of spoliation.

**IT IS SO ORDERED.**

Dated: May 17, 2021



VIRGINIA K. DEMARCHI
United States Magistrate Judge